UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCE DIXON, | : | |
| | : | |
| Petitioner, | : | Civ. No. 17-4243 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | **OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner currently incarcerated at FCI Gilmer in Glenville, West Virginia. He is proceeding *pro se* with a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Respondent filed an Answer opposing relief, (ECF No. 5), and Petitioner did not file a reply. For the reasons discussed below, the Court will deny Petitioner's § 2255 motion and will not issue a certificate of appealability.

I.  BACKGROUND

In October of 2010, Petitioner pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and (b)(1), and 18 U.S.C. § 2. The pre-sentence report ("PSR") found Petitioner to be a career offender under U.S.S.G. § 4B1.1, and there were no objections to the PSR.

The PSR and the plea agreement identified Petitioner's: (1) 1997 state conviction for possession with intent to distribute a controlled dangerous substance within 1,000 feet of a school zone; and (2) his 2002 state conviction for possession with intent to distribute a controlled dangerous substance, as his two predicate offenses for the career offender enhancement. (Crim No. 10-335, ECF No. 48, at 6).

Based in part on the career offender enhancement, on February 25, 2011, this Court sentenced Petitioner to a term of 188 months in prison, followed by a term of 3 years of supervised release. (Crim No. 10-335, ECF No. 55). Petitioner did not file a direct appeal. Petitioner filed the instant § 2255 motion on or about June 12, 2017.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a motion to vacate, set aside or correct a sentence of a person in federal custody, entitles a prisoner to relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When considering a § 2255 motion, a district court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015). A district court must *sua sponte* hold a hearing on the motion "'if the files and records do not show conclusively that [the movant] was not entitled to relief.'" *Id.* (quoting *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001)).

## III.    DISCUSSION

Petitioner argues that he may challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the residual clause in the Armed Career Criminal Act ("ACCA") to be constitutionally void for vagueness. Petitioner's sentence, however, did not involve the ACCA, and the remainder of Petitioner's motion is a collection of haphazardly stitched together legal theories. The Court will liberally construe the motion as challenging his career offender enhancement, under the Sentencing Guidelines, which at the time of sentencing, contained a residual clause defining a "crime of violence" similarly to the one in the ACCA. *See United States*

*v. Green*, 898 F.3d 315, 318–19 (3d Cir. 2018) (comparing U.S.S.G. § 4B1.2(a) (2008) with 18 U.S.C.§ 924(e)(2)(B)(ii)).  Petitioner asks the Court to resentence him without the career offender enhancement.

In response, Respondent contends that Petitioner's motion is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in any event, that the motion lacks merit.

### A. Timeliness

The AEDPA imposes a one-year statute of limitations for filing motions pursuant to § 2255. Under § 2255(f), the limitation period runs from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As Petitioner did not file a direct appeal, his conviction became final in 2011, but he did not file the instant § 2255 motion until 2017.  Consequently, he argues under § 2255(f)(3), that his time period restarted and "the clock commenced to tick on the date that the Supreme Court announced *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016)," which held that *Johnson*, 135 S. Ct. at 2563, was retroactively applicable on collateral review.

Assuming *arguendo*, that *Johnson* applies in this case, the Court rejects Petitioner's timeliness argument. "In *Dodd*, the Supreme Court held that the limitations period restarts on the date of the Supreme Court decision initially recognizing the right, *and not the date of the decision that thereafter makes the right retroactively applicable* to cases on collateral review. *Green*, 898 F.3d at 318 (citing *Dodd v. United States*, 545 U.S. 353, 357 (2005)), *cert. denied*, 139 S. Ct. 1590 (2019).

As a result, Petitioner cannot rely on *Welch*, which made *Johnson* retroactively applicable to cases on collateral review, to restart his limitations period under § 2255(f)(3). *See Dodd*, 545 U.S. at 357–59. Instead, Petitioner had one year from when the Supreme Court decided *Johnson*, on June 26, 2015, to file his § 2255 motion. *See id.*; *Green*, 898 F.3d at 318. Accordingly, because Petitioner did not file the instant motion until June 12, 2017, nearly two years later, the Court will deny his motion as untimely.

**B. Merits Analysis**

That said, the Court will alternatively deny the motion on the merits. As discussed above, the Court did not sentence Petitioner under the ACCA. 18 U.S.C. § 924(e)(2)(B). Instead, Petitioner challenges his career offender enhancement, under the Sentencing Guidelines, which at the time, contained a residual clause defining a "crime of violence" identically to the one in the ACCA. *See Green*, 898 F.3d at 319 (comparing U.S.S.G. § 4B1.2(a) (2008), with 18 U.S.C.§ 924(e)(2)(B)(ii)). Due to that similar language, Petitioner contends, pursuant to *Johnson*, that the career offender enhancement is unconstitutionally vague.

The Supreme Court in *Beckles*, however, explicitly rejected Petitioner's arguments and held that *Johnson* did not create a new right as to the residual clause of the Sentencing Guidelines in their advisory form (*i.e.*, post-*United States v. Booker*, 543 U.S. 220 (2005)). *See Beckles v.*

*United States*, 137 S. Ct. 886, 890 (2017); *McKeller v. United States*, No. 16-3585, 2019 WL 4565248, at *3 (D.N.J. Sept. 20, 2019).  The Court reasoned that "the advisory Guidelines are not subject to vagueness challenges," because they do not "fix the permissible sentences for criminal offenses," and "merely guide the exercise of a court's discretion."  *Beckles*, 137 S. Ct. at 890–92; *Green*, 898 F.3d at 320.  "The Court explained that the two principles governing the vagueness doctrine—notice and avoiding arbitrary enforcement—do not apply to the advisory Guidelines." *Green*, 898 F.3d at 320 (citing *Beckles*, 137 S. Ct. at 892).  As a result, the Court "determined that the advisory Guidelines cannot be challenged as constitutionally vague." *Id*.

In "light of *Beckles*, *Johnson's* holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines." *Id*. at 321.  Accordingly, because this Court applied the advisory Guidelines in sentencing Petitioner, he cannot use *Johnson* to challenge his career offender enhancement.[1]

Additionally, because *Johnson* does not apply, Petitioner may not use it to restart his limitations period under § 2255(f)(3), and therefore, his Petition is untimely for that reason as well.

## IV.   CERTIFICATE OF APPEALABILITY

The Court must assess whether a certificate of appealability should issue.  A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability shall not issue unless there

---

[1] Even if *Johnson* applied, the Court would reject Petitioner's arguments.  Under U.S.S.G. § 4B1.1(a), a court may apply a career offender enhancement if the defendant had "at least two prior felony convictions of either a crime of violence *or a controlled substance offense*." (emphasis added).  Petitioner's two predicate offenses were controlled substance offenses.  Consequently, even if the crime of violence residual clause under then U.S.S.G. § 4B1.2(a) (2008), were unconstitutionally vague, it would not affect the validity of Petitioner's career offender enhancement.

5

is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Applying those standards, jurists of a reason would not disagree with the Court's conclusion that the Petition is both untimely and meritless. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion. A certificate of appealability shall not issue. An appropriate Order follows.


DATED: August 6 , 2020                         s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge